FREDERICK F. HACK AND ELEANORE HACK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65335.    Filed March 31, 1960.

*Thomas J. Lieber, Esq.,* for the petitioners.
*Victor H. Frank, Jr., Esq.,* for the respondent.

FORRESTER, *Judge:* The respondent determined deficiencies in the income tax of petitioners, and additions thereto for failure to make and file returns under section 291(a) of the Internal Revenue Code of 1939, as follows:

| Year | Deficiency | Addition, sec. 291(a) | Year | Deficiency | Addition, sec. 291(a) |
|---|---|---|---|---|---|
| 1947 | $790.41 | $197.60 | 1951 | $1,007.44 | $251.86 |
| 1948 | 549.80 | 137.45 | 1952 | 1,125.38 | 281.35 |
| 1949 | 508.80 | 127.20 | 1953 | 1,438.00 | 359.50 |
| 1950 | 609.92 | 152.48 | | | |

Respondent has conceded on brief that the foregoing section 291(a) additions are improper, thus the sole issue remaining is whether during each of the taxable years in question petitioner was a bona fide resident of a foreign country or countries within the meaning

of section 116(a)(1) of the Internal Revenue Code of 1939.[1] Petitioner has raised as an alternative issue the question of deductibility during the years in question of living expenses while away from home.

FINDINGS OF FACT.

The stipulated facts are so found.

Petitioners are husband and wife, presently residing in Garden City, New York. No income tax returns were filed for the years in question and no income taxes were paid. Frederick F. Hack will hereinafter be alone referred to as the petitioner.

Petitioner has been employed since 1936 by All America Cables and Radio, Inc. (hereinafter called AACR), a private domestic corporation having its main office at 67 Broad Street, New York City. From 1936 to 1953, inclusive, he was master of the cableship CS *All America.* Home port was Callao, Peru, until sometime in 1950 when it was changed to Kingston, Jamaica.

The CS *All America* flew the flag of the United States, but was foreign built and was not registered with the United States Government. Normally, the only members of the crew to be United States citizens were petitioner and the radio operator. Such operator was required to have a license from the Federal Communications Commission, which license could be issued only to a citizen of the United States. The area of duty of the CS *All America* was the West Indies and the west coast of Central and South America.

When petitioner's family, now consisting of his wife and three children, first left the United States in or about 1936 to go to Peru, AACR paid their transportation expenses. Until 1946 they resided in a rented house in Nuro Flores, a suburb of Lima, Peru. The children went to school in the same area.

---

[1] Prior to 1951, section 116(a)(1) read in part as follows:
SEC. 116. EXCLUSIONS FROM GROSS INCOME.
In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:
(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—
(1) FOREIGN RESIDENT FOR ENTIRE TAXABLE YEAR.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) * * *
This was changed in 1951 to read as follows:
SEC. 116. EXCLUSIONS FROM GROSS INCOME.
In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:
(a) EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.—
(1) BONA FIDE RESIDENT OF FOREIGN COUNTRY.—In the case of an individual citizen of the United States, who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States * * *

By 1946, the children were in need of higher education not readily available in Peru. Petitioner's wife and children returned to the United States, with petitioner following a short time later. A home was purchased in New York, in which the family, exclusive of petitioner, was to live. Petitioner and his family stayed with petitioner's parents for a period of 4 or 5 months, while they sought permanent quarters for the wife and children.

Petitioner had no intention of leaving the employ of AACR or of taking up residence in the United States, either with his family or alone. As soon as his family was settled in the new home, he returned to his duties as shipmaster. At this time he signed a new 3-year contract, similar in all respects to previous agreements executed by him in the course of his relationship with AACR.

Petitioner intended at that time to remain indefinitely in the employ of AACR. It was his intention that upon the completion of his children's education, his family would rejoin him in South America.

In 1954 AACR sent petitioner to its New York office for a special project, which it estimated would require 18 months, after which petitioner would return to his ship. After approximately 1 year, AACR changed its plans and assigned petitioner to New York permanently.

In 1946, petitioner sent a letter to respondent's office, explaining his situation and seeking advice as to his position under the Internal Revenue Code. He received in reply the following:

IT :P :T :2
HLC–6
Mr. F. F. Hack
*10–321–109th Street*                                                        *Aug. 19, 1946*
*Richmond Hill 19, New York*

Dear Mr. Hack:

Reference is made to your letter dated August 12, 1946, relative to the status for Federal income tax purposes of income earned outside the United States.

You state that for the past ten years you have been employed in South America on contract; that during this entire period you maintained a residence abroad for yourself and your family; but that in September 1946 you will establish a residence in the United States for your family while you return to South America on another three-year contract. You inquire whether you will be exempt from Federal income tax and, if not, whether you will be entitled to a deduction for the cost of maintaining your apartment in South America.

United States citizens, wherever resident, are liable for Federal income tax on income from all sources except such items as may be specifically exempted from the tax by statute. Under the provisions of section 116(a)(1) of the Internal Revenue Code, as amended, for taxable years beginning after December 31, 1942, citizens of the United States who receive compensation for personal services performed without the United States are entitled to exclude

from gross income the amount of such compensation if they are bona fide residents of a foreign country or countries for the entire taxable year, provided that such compensation is not paid by the United States or any agency thereof. Hence, a citizen of the United States taking up residence without the United States in the course of the taxable year is not entitled to such exemption for such taxable year. However, once bona fide residence in a foreign country or countries has been established, temporary absence therefrom in the United States on vacation or business trips will not necessarily deprive an individual of his status as a bona fide resident of a foreign country.

While the information furnished indicates that the residence of your family will be reestablished in the United States, it does not necessarily follow that you also will have reestablished your residence in the United States. On the contrary the facts indicate that you have been a bona fide resident of a foreign country for the past ten years and intend to maintain that status for at least three more years. It is, therefore, held that you are entitled to claim the benefits of section 116(a)(1) of the Code, as amended, and exclude from gross income the compensation you receive for services performed outside the United States.

Very truly yours,

[signed] E. J. McLarney
*Deputy Commissioner*

During each of the years in question, petitioner was a bona fide resident of a foreign country or countries.

### OPINION.

The question before us is peculiarly one of fact. *Cf. Donald H. Nelson*, 30 T.C. 1151; *Joseph A. McCurnin*, 30 T.C. 143; *Leonard Larsen*, 23 T.C. 599, and cases cited therein.

Until 1946 petitioner's status as a bona fide resident of Peru was too clear to admit of serious controversy. Apparently no returns were filed, and those years are still open. Thus, respondent's failure to determine deficiencies for years prior to 1947 is not without significance.

In 1946 petitioner's family moved to the United States. While, as respondent himself noted in his ruling letter, this change is not conclusive, it is significant. Its importance, however, is greatly diminished here by the attendant circumstances and petitioner's subsequent history.

Petitioner joined his wife and children in the United States only temporarily, leaving once they were settled in their new home. He then returned to his former duties and area of operations, severing only those ties rendered unnecessary by the departure of his family.

Furthermore, petitioner's family reestablished residence in the United States for a specific purpose, higher education of the children. It was the intention of petitioner and his wife that upon attainment of that goal the family, or at least petitioner's wife, would rejoin petitioner at his principal base of operations, which was

Peru until 1950, and thereafter Jamaica. Subsequent to the taxable years in issue, and unrelated to any conduct of petitioner or course of events initiated by him, he was permanently transferred to the United States.

We think the above facts speak for themselves. Petitioner, at all times here material, was a bona fide resident of a foreign country or countries, and respondent erred in determining the deficiencies in issue.

*Decision will be entered for the petitioners.*